**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOHN CHAVIS,                                                                             PLAINTIFF
ADC #141259

v.                                         4:15CV00139-KGB-JTK

JONES, et al.                                                              DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     Introduction**

Plaintiff John Chavis, an inmate incarcerated at the Bowie County Correctional Center, filed this pro se action, pursuant to 42 U.S.C. § 1983 (Doc. No. 2). By Order dated March 13, 2015, this Court granted Plaintiff's Motion to proceed in forma pauperis in this action, and provided him the opportunity to amend his Complaint within thirty days, noting that the allegations of his Complaint were too vague for the Court to determine if he stated a claim upon which relief may be granted (Doc. No. 3). The Court also cautioned Plaintiff that an Amended Complaint renders the original Complaint without legal effect. (Id., p. 4) Although Plaintiff submitted an Amended Complaint on April 3, 2015, it was still too vague to determine if it stated a claim (Doc. No. 5). Following two more extensions of time (Doc. Nos. 6, 10), Plaintiff submitted an Amended Complaint (Doc. No. 12). Having reviewed this Amended Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted, because the Defendants are protected from liability by absolute immunity.

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. Denton v. Hernandez, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." Id.

**III.    Analysis**

Title 42 U.S.C. § 1983 was enacted to allow plaintiffs to enforce constitutional rights against defendants who have violated their rights while acting under color of state law. Griffin-El v. MCI Telecommunications Corp., 835 F.Supp. 1114, 1118 (E.D. Mo. 1993).

Plaintiff alleges that Defendants Franks and Paxton are parole officers who are responsible for denying his parole plans. (Doc. No. 12, pp. 4-5) He also alleges Defendants Roberts and

Phillips are supervisors of these parole officers and ultimately responsible for the denial of his parole. (Id., pp. 5-6) He asks for monetary damages for payment of lost wages for a job "waiting for me," together with his release from prison. (Id., p. 7)

"A parole officer's function in preparing a parole report and recommendation for the parole board on an inmate's suitability for parole is a sufficiently adjudicatory function to entitle the officer to absolute immunity for performance of that function." Olds v. Hogg, 774 F.Supp. 1202, 1203 (E.D.MO 1991). In addition, information and recommendations provided by probation officers to parole hearing examiners is considered part of the judicial process, thus entitling those officers to absolute immunity. See Anton v. Getty, 78 F.3d 393, 396 (8th Cir. 1996). Therefore, to the extent that Plaintiff sues Defendants for damages for actions which resulted in a decision to deny his parole plan, the Court finds them immune from liability.

The Court also finds that any claim for injunctive relief (release on parole) should be dismissed. There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Matters pertaining to the parole process are usually governed by state statute and therefore, are matters of state law, without questions of constitutional magnitude. Therefore, state courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined. Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir. 1987). In addition, any request for a shortening of his sentence or length of confinement should be pursued in a habeas corpus petition. See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991). In Offet v. Solem, the court held state remedies must be exhausted when a federal decision might indirectly lead to a change in the duration of confinement by requiring reconsideration of a prisoner's status. 823 F.2d 1256, 1261(8th Cir. 1987).

The Court also notes that while Plaintiff originally named Institutional Release Officer Jones as a Defendant, he does not include allegations of unconstitutional acts by this individual in his Amended Complaint. Therefore, Defendant Jones should be dismissed without prejudice. And the Arkansas Department of Correction (ADC) (also originally named as a Defendant) should be dismissed with prejudice, because the ADC is an agency of the State of Arkansas, and is protected from § 1983 liability by Eleventh Amendment immunity. See Glick v. Henderson, 855 F.2d 536 (8th Cir. 1988).

**IV.  Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint against Defendants Franks, Paxton, Roberts, Phillips, and the Arkansas Department of Correction be DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

2. Defendant Jones be DISMISSED without prejudice.

3. This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

4. The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED this 19th day of May, 2015.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.